**Supreme Court**
No. 2018-67-M.P.

In re Michael F. Kraemer (Determination   :
that an Inactive Member of the Bar not be
Required to Maintain Membership in the
    Rhode Island Bar Association).

**O R D E R**

On March 8, 2018, attorney Michael F. Kraemer[1] filed a petition with the Supreme Court seeking a determination that an inactive member of the Rhode Island bar not be required to maintain membership in the Rhode Island Bar Association (RIBA). Having received a response from the RIBA regarding this matter, we allowed the parties to present oral argument before the Court on February 28, 2019.

Shortly thereafter, the Court received a written communication from Carolyn R. Barone, in her capacity as the President of the RIBA, requesting that the Court forbear from deciding the petition until the RIBA had an opportunity to review and potentially amend its membership categories. On March 27, 2019, we entered an order stating that, pending a response from the RIBA, we would hold this petition in abeyance until May 1, 2019.

On April 24, 2019, the RIBA submitted a letter to this Court, detailing the RIBA's revised membership categories that have been approved by the RIBA House of Delegates, which created a new membership subcategory entitled "Inactive/Retired." That subcategory is defined as members who are "age 70 and older, currently on inactive status with the Supreme Court, and who affirm that they are retired from the practice of law." Pursuant to the RIBA's revised dues structure, inactive/retired members are not required to pay dues.

---

[1] In October 2016, Mr. Kraemer retired from the active practice of law.

On April 26, 2019, Mr. Kraemer responded and raised additional arguments in opposition to the revised membership and dues structure.[2]

We have carefully considered the contentions raised in Mr. Kraemer's written memoranda and presented at oral argument. We note that, in light of the RIBA's recent membership revisions, Mr. Kraemer qualifies as an "Inactive/Retired" member of the RIBA and is exempt from paying membership dues. Thus, we are satisfied that Mr. Kraemer's contentions regarding mandatory membership dues are moot. We further conclude that we are not persuaded by Mr. Kraemer's claim that inactive members of the bar—who elect not to resign—should not be required to maintain membership in the RIBA. Mr. Kraemer has failed to provide any legal analysis to support this claim. In his memoranda to this Court, Mr. Kraemer explicitly stated that "[w]hether this Court properly mandated bar membership and dues for lawyers practicing in Rhode Island in 1973 is not raised in this petition[.]" Moreover, when questioned at oral argument as to whether he was raising a constitutional argument, Mr. Kraemer responded that he "is not making a First Amendment argument"; instead, his argument is that mandatory membership provides no benefit to inactive/retired attorneys. We, therefore, decline to reach this claim.

It is hereby ordered that Mr. Kraemer's petition is denied and dismissed as moot.

Entered as an Order of this Court this _____ day of **June**, **2019**.

By Order,

_____
Clerk

---

[2] With respect to Mr. Kraemer's final objection, although he raises concerns about other members of the bar, we are satisfied that Mr. Kraemer can only represent himself in this matter. As such, to the extent that Mr. Kraemer's petition pertains to other attorneys, these arguments are not properly before the Court and, thus, need not be addressed.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## ORDER COVER SHEET

| | |
|---|---|
| **Title of Case** | In re Michael F. Kraemer (Determination that an Inactive Member of the Bar not be Required to Maintain Membership in the Rhode Island Bar Association). |
| **Case Number** | No. 2018-67-M.P. |
| **Date Order Filed** | June 10, 2019 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Source of Appeal** | N/A |
| **Judicial Officer From Lower Court** | N/A |
| **Attorney(s) on Appeal** | For Petitioner:<br><br>Michael F. Kraemer, Pro Se |
| | For Respondent:<br><br>Armando E. Batastini, Esq. |